IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MISSOURI & NORTHERN ARKANSAS
RAILROAD COMPANY, INC.                                        PLAINTIFF

v.                    No. 1:10-cv-8-DPM

ENTERGY ARKANSAS, INC.                                        DEFENDANT

ORDER

1. As this case heads to a jury trial the first week in December, there are three pending motions that need deciding. The Court grants Entergy's motion for partial summary judgment, *Document No. 36*, on counts II (contribution) and III (implied indemnity) of the Railroad's complaint. The Court is still considering the motions *in limine*, and will file a separate order on those issues.

2. MNA is correct: the parties' Industrial Track Agreement contains several indemnity terms, which impose various obligations depending on the subject matter and circumstances. For example, early in paragraph 3, Entergy agreed to indemnify the Railroad for all liabilities arising from structures or obstructions that violate certain minimum distances from the switch. No

contribution is allowed; Entergy's indemnity obligation is absolute notwithstanding the Railroad's negligence, "whether sole, concurrent or otherwise[.]"

The indemnity provision at issue in Leal's accident—the "on or about [the] Switch" term—covers contribution too.

> [Entergy] also agrees to indemnify and hold harmless [Railroad] for loss, damage or injury from any act or omission of [Entergy], [Entergy's] employe[e]s or agents, to the person or property of the parties hereto and their employe[e]s and to the person or property of any other person or corporation, while on or about [the] Switch; and except as otherwise provided in this agreement, if any claim or liability shall arise from joint or concurring negligence of both parties hereto, it shall be borne by them equally.

The parties do not argue that the "except as otherwise provided" phrase has any work to do in this case; and the Court sees no other applicable indemnity provision.

The parties' predecessors decided when they made their contract more than three decades ago what their rights of contribution would be: the fact-finder's apportionment decides if there is to be contribution at all; and if the claim or liability arose from the parties' joint or concurrent negligence, then there is 50/50 contribution no matter the degree of fault. *See generally* Henry Woods, *Some Observations on Contribution and Indemnity*, 38 ARK. L. REV. 44

(1984). The Railroad's claim for any different contribution rights fails as a matter of law — the agreement's clear words, and the persuasive precedent wrestling with those words, are insurmountable. *Burlington Northern, Inc. v. Hughes Bros., Inc.*, 671 F.2d 279, 284 (8th Cir. 1982).

The Railroad has no claim for implied indemnity either. The parties' predecessors, both sophisticated business entities, made a contract with nuanced indemnity obligations varying in the circumstances presented by this mutually advantageous spur track. The general rule is that where the parties make a contract covering a subject, Arkansas law will not imply a contract to prevent unjust enrichment. *E.g., Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 612-13, 210 S.W.3d 101, 112 (2005); *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 61, 876 S.W.2d 603, 605 (1994). Of course this general rule has many exceptions. *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 605-08 (8th Cir. 1999) (Arkansas law); *QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, at 10-12. But no exception applies here; the parties made an enforceable agreement about indemnity for liabilities arising on or about the Switch. If the Railroad's theory of implied indemnity were correct, then every contractual indemnity

3

case would have a fall-back fight about unjust enrichment, and the parties' efforts to bargain about and apportion risk *ex ante* by contract would be for naught. As it is on the contribution claim, Entergy is entitled to judgment as a matter of law on the Railroad's implied-indemnity claim.

Motion, *Document No. 36*, granted.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 September 2011