## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**MISSOURI & NORTHERN ARKANSAS**
**RAILROAD COMPANY, INC.**                                    **PLAINTIFF**

**v.**                              **No.  1:10-cv-8–DPM**

**ENTERGY ARKANSAS, INC.**                              **DEFENDANT**

## JUDGMENT

    **1.**  The Court earlier granted summary judgment on MNA's claims for contribution and implied indemnity.  *Document No. 65.*  Those claims are dismissed with prejudice.

    **2.**  The parties tried MNA's contractual-indemnity claim to a twelve-person jury from 6 December to 8 December 2011.  After deliberations, the jury returned its verdict.

       **1.**    At the time of his injury, was Leal "on or about Switch" as MNA and Entergy used that phrase in their contract?

          \_\_X\_\_ Yes  \_\_\_\_\_ No

                          /s/ Pam Brownd
                          Foreperson

                          12-8-11    1:55

**If you answered Question 1 "No," then your deliberations are done.  If you answered Question 1 "Yes," then answer Question 2.**

2.      Did Leal sustain injury "from any act or omission" of Entergy as the parties used that phrase in their contract?

        __X__ Yes  _____ No

                                /s/ Pam Brownd_____
                                Foreperson

                                 12-8-11     1:55

**If you answered Question 2 "No," then your deliberations are done.  If you answered both Questions 1 and 2 "Yes," then answer Question 3.**

3.      Was MNA negligent, and was such negligence a proximate cause of Leal's injuries?

        __X__ Yes  _____ No

                                /s/ Pam Brownd_____
                                Foreperson

                                 12-8-11     1:55

*Document No. 119.*

    **3.**  For the reasons explained in the Court's recent Order, *Document No.*

*125,* the Court denies the parties' cross motions for judgment as a matter of

-2-

law on the issues captured in questions 2 and 3, but the Court grants MNA's motion for judgment as a matter of law on the apportionment issue, which was put to the jury in question 3 about the railroad's negligence.

4.   The Court therefore enters judgment for Missouri & Northern Arkansas Railroad Company, Inc. against Entergy Arkansas, Inc., for $268,233.29. This amount covers MNA's settlement with Joe Leal, his medical bills paid by the railroad, and attorney's fees and expenses incurred by MNA in defending Leal's FELA suit.  MNA and Entergy stipulated to the total and the particulars.  *Document No. 34.*  This judgment shall accrue interest at .18% per annum from today until paid in full.  28 U.S.C. § 1961(a)–(b).

5.   As the prevailing party, MNA is entitled to Rule 54(d)(1) costs. MNA's entitlement to prejudgment interest, attorney's fees, and the specific amount of taxable costs incurred in this lawsuit are deferred pending discussion between the parties and a motion from MNA (either agreed or disputed) by 20 November 2012.

D.P. Marshall Jr.
United States District Judge

6 November 2012

-3-